# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**STOREY LANDIS,**

                **Plaintiff,**

**-vs-**                                                **Case No. 6:08-cv-1603-Orl-28GJK**

**DIRECT WIRELESS ENTERPRISES, INC.**
**d/b/a DIRECT WIRELESS, INC., and BRIAN**
**C. BANGLE,**

                **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **DEFENDANTS' MOTION TO DISMISS WITH SUPPORTING MEMORANDUM OF LAW (Doc. No. 29)** |
| **FILED:** | **February 17, 2009** |
| | **THEREON** it is **RECOMMENDED** that the motion be **DENIED in part**. |

## I.    BACKGROUND

On September 18, 2008, Storey Landis ("Plaintiff") instituted this action by filing a complaint ("Complaint") against Direct Wireless Enterprises, Inc. d/b/a Direct Wireless, Inc. and Brian C. Bangle (collectively, the "Defendants") alleging that Defendants failed to pay her overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

Doc. No. 1. On October 14, 2008, the Defendants filed an answer to the Complaint denying the allegations raised therein. Doc. No. 10 (as amended at Doc. No. 20). On October 30, 2008, the Honorable John Antoon II issued an FLSA Scheduling Order ("Scheduling Order") which directed the parties as follows:

> Counsel for Plaintiff and Defendant and any unrepresented parties shall meet and confer in person in a good faith effort to settle all pending issues, including attorney's fees and costs. The parties, including representatives of corporate parties with full settlement authority, shall be available by telephone during the conference to consider and approve any settlement negotiated by counsel. Counsel shall have full authority to negotiate a settlement, and shall set aside sufficient time for a thorough, detailed, and meaningful conference that is calculated to fully resolve the case by agreement. By December 30, 2008, counsel shall jointly file either:
> (i) a **Case Management Report** signed by counsel for all parties and indicating whether it is anticipated that the case will proceed as a collective action, if the parties have exhausted all settlement efforts; or
> (ii) if the matter has settled, a **Joint Motion to Approve Settlement** . . . or
> (iii) a **Report Regarding Settlement** . . .

Doc. No. 19 at 2-3 (internal footnotes omitted). On December 30, 2008, counsel for Plaintiff, E. Nannette Piccolo, filed a Case Management Report and a Joint Report Regarding Settlement ("Settlement Report"). Doc. Nos. 25, 26. The Case Management Report provides dates and a discovery plan "agreed" to by the parties and contains typewritten signatures from the parties' respective attorneys, Ms. Piccolo and attorney Wade Wright Mitchell. Doc. No. 25.[1] The Settlement Report, which also contains typewritten signatures from the parties' attorneys, states:

> The parties have had initial settlement discussions but have not yet settled the case. However, the parties wish to continue settlement discussions; and would request until January 30, 2009 for the purpose of concluding a settlement . . . In the event the parties are unable to reach a settlement by January 30, 2009 the parties will then file a Joint Case Management Report.

---
[1] Ms. Piccolo specializes in FLSA litigation.

Doc. No. 26 at 1-2, ¶¶ 1, 4. On January 27, 2009, Judge Antoon entered a Case Management and Scheduling Order ("CMSO") setting forth various deadlines, including deadlines for discovery, dispositive motions and mediation and setting the trial term. Doc. No. 27.

The Motion

On February 17, 2009, Defendants filed the present Motion to Dismiss (the "Motion") alleging misconduct by Plaintiff's counsel. Doc. No. 29. Defendants allege a number of instances of misconduct by Ms. Piccolo, including the following:

1) In her first Motion to Strike Affirmative Defenses, Plaintiff failed to comply with Local Rule 3.01(g), although indicating to the Court that such compliance occurred. Doc. No. 15 at 3.[2]

2) Following the entry of the Scheduling Order, which directed that all motion practice cease, Plaintiff filed a second Motion to Strike Affirmative Defenses which required a response by Defendants. Doc. Nos. 19, 21.

3) Plaintiff failed to comply with the Scheduling Order, which requires the parties to engage in settlement negotiations and delayed settlement negotiations by failing to provide the Defendants with a settlement demand. *See* Doc. Nos. 29 at 4, 29-11.

4) Plaintiff filed a Case Management Report falsely representing that the parties agreed to the deadlines set forth therein; Plaintiff did not obtain the consent of Defendants' counsel prior to filing; and she failed to withdraw the Case Management Report once confronted by Defendants' counsel. Doc. Nos. 29-8, 29-9.

---

[2] Local Rule 3.01(g) requires that prior to filing specified motions, a moving party must confer with opposing counsel in a good faith effort to resolve the issues raised therein.

Defendants request that the Court dismiss Plaintiff's Complaint with prejudice and award them their attorneys' fees or, in the alternative, award them their attorneys' fees and costs incurred in responding to Plaintiff's "unnecessary filings and dilatory conduct." *Id.*

The Defendants state that after confronting Plaintiff's counsel about filing the first Motion to Strike Affirmative Defenses (Doc. No. 15) without complying with Local Rule 3.01(g), Plaintiff's counsel stated that the motion was filed by her paralegal and without her knowledge. Doc. No. 29 at 2. Thus, Plaintiff withdrew the motion. Doc. No. 16.

On October 30, 2008, Judge Antoon entered the Scheduling Order which stayed discovery and eliminated further motion practice. Doc. No. 19. However, on November 7, 2008, Plaintiff re-filed her Motion to Strike Affirmative Defenses. Doc. No. 21. Defendants state that Plaintiff's re-filing of the motion in violation of the Scheduling Order required them to incur unnecessary fees and costs in drafting and filing a response thereto. Doc. No. 29 at 2.

Because the Scheduling Order requires the parties to facilitate settlement negotiations, Defendants state that they asked Plaintiff to provide a settlement demand before December 30, 2008, which was the deadline imposed by the Scheduling Order. *Id.* at 3; Doc. No. 19 at 2-3. Defendants maintain that Plaintiff did not provide them with a settlement demand, but rather filed the Case Management Report without the Defendants' consent. Doc. No. 29 at 3. Defendants state that Plaintiff's representation that the Defendants agreed to certain deadlines and other issues was "blatantly false." *Id.* Defendants immediately contacted Plaintiff regarding the filing and Plaintiff responded via email stating that because "the court's here are so strict on deadlines", she filed the Case Management Report "out of an abundance of caution," and that it "could always be amended." *Id.*; Doc. No. 29-9. Defendants state that although Plaintiff then

4

filed the Settlement Report requesting additional time for settlement negotiations, she failed to withdraw the Case Management Report as promised. Doc. No. 29 at 3-4; Doc. No. 29-10. As a result, on January 27, 2009, Judge Antoon entered a CMSO which adopted the deadlines set forth in the unilaterally filed Case Management Report. Doc. No. 29 at 4. Defendants state that, again, Plaintiff blamed her paralegal for failing to withdraw the Case Management Report. *Id.*; Doc. No. 29-12.

Defendants maintain that Plaintiff did not provide a settlement demand before the agreed deadline of January 30, 2009, but instead waited until February 3, 2009. Doc. No. 29 at 4. Finally, Defendants state that Plaintiff has yet to serve her initial disclosures as required by the CMSO. *Id.*; Doc. No. 29-13. Defendants cite to *In Re FLSA Cases*, Case No. 6:09-mc-49-31GJK, 2009 WL 129599, 1 (M.D. Fla. Jan. 20, 2009) stating "Plaintiff's counsel's law firm has a history of proceeding in a dilatory fashion." *Id.* at 9. Thus, the Defendants maintain sanctions are warranted including an award of fees and costs, and dismissal of Plaintiff's case with prejudice. *Id.*

The Response

On March 3, 2009, Plaintiff filed a response (the "Response") in opposition to the Motion. Doc. No. 30. Plaintiff accuses defense counsel of using strong-arm litigation tactics in order to gain an unfair advantage for their clients and maintains that Defendants' actions "are nothing short of extortion." Doc. No. 30 at 3-4. According to Plaintiff, Defendants' allegations that Plaintiff refuses to engage in settlement negotiations are "misleading", but Plaintiff offers no facts or evidence to the contrary. *Id.* at 4-5. Plaintiff also states that as of the filing of the Motion, she had served her initial disclosures. *Id.* She maintains that untimely initial disclosures

do not warrant dismissal. *Id.* Plaintiff requests the following: 1) mediation before the undersigned; 2) the Court deny Defendants' Motion; and 3) the Court assess Plaintiff's attorneys' fees and costs against the Defendants "for Plaintiff having to respond to Defendants' unnecessary and coercive filings." *Id.* Plaintiff did not substantively address the allegations of misconduct raised in the Motion. *Id.*

On May 6, 2009, the Court issued an Order to Show Cause against Plaintiff. Doc. No. 34. On May 18, 2009, Plaintiff filed a response to the Order to Show Cause ("Response II"). Doc. No. 37. In Response II, Plaintiff states that she "inadvertently" filed the Case Management Report and the Settlement Report. *Id.* at 4. She does not address the emails attached to the Motion, which indicate she filed the pleadings in an abundance of caution as opposed to inadvertently.

The Show Cause Hearing

On May 20, 2009, the undersigned held a hearing on the Motion. Doc. No. 38. At the hearing, Ms. Piccolo claimed the two motions to strike, the Settlement Report and the Case Management Report were all inadvertently filed by her paralegal who essentially had a nervous breakdown and has since left the firm of Morgan & Morgan, P.A.[3] The Court notes that Ms. Piccolo has been sanctioned for misconduct similar to that at issue in this case. *See, Kevin Cunningham v. Senez Roofing, LLC*, Case No. 6:08-cv-1648-31DAB, Doc. No. 33. In *Cunningham*, Ms. Piccolo and her prior law firm of Morgan & Morgan, P.A., were ordered to pay $500.00 to the Clerk of the Court and to pay motion costs in the amount of $350.00 to Defendants as a sanction for knowingly filing a false declaration with the Court. *Id.* Ms. Piccolo

---

[3] Pursuant to the CM/ECF Administrative Procedures, an attorney assigned a login and password is responsible for any document filed with the attorney's login and password. *See* www.flmd.uscourts.gov; CM/ECF Administrative Procedures I.D.2. (March 15, 2007).

herself has left the Morgan & Morgan, P.A. firm effective June 1, 2009. *See Epping v. Outdoor Living Pool & Patio and MacFarlane*, Case No. 6:09-cv-232-31KRS, Doc. Nos. 33, 47.

Ms. Piccolo offered no explanation for why she did not withdraw the filings after defense counsel and the Court questioned the propriety of the filings at issue. She affirmed the accuracy of the emails attached to the Motion. She admitted that the emails and her Response II were irreconcilable because her emails state the Case Management Report was filed intentionally (Doc. No. 29-9) and yet her Response II claims it was filed in error (Doc. No. 37 at 4). She could not offer any explanation for these inconsistencies. Furthermore, Ms. Picollo agreed that she receives a confirmation email whenever a document is filed in one of her cases, yet she failed to withdraw the documents at issue with the exception of the first Motion to Strike Affirmative Defenses. She did not dispute that defense counsel did not agree to the information set forth in the Case Management Report.

## II. LAW

### Inherent Power

"The district court possesses the inherent power to police its docket." *Collins v. Lake Helen, L.P.*, 249 Fed. Appx. 116, 120 (11th Cir. 2007) (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30 (1962)). "A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991). "The sanctions imposed can range from a simple reprimand to an order dismissing the action with or without prejudice." *Collins*, 249 Fed. Appx. at 120 (quoting *Mingo v. Sugar Cane Growers Co-op. of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989)). Furthermore, the Supreme Court in *Chambers* stated that "a court may assess attorney's fees as a sanction for

the willful disobedience of a court order." *Chambers*, 501 U.S. at 45 (quoting *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 257-58 (1975) (internal quotations omitted)). [4]

**Rule 16(f)**

Pursuant to Rule 16(f), Federal Rules of Civil Procedure, it is within the Court's discretion to sanction counsel's failure to abide by scheduling orders. Fed. R. Civ. P. 16(f).[5] It is well settled that a court may discipline and/or sanction an attorney for failure to comply with its orders. *See, e.g., Wouters v. Martin County, Fla.*, 9 F.3d 924, 933 (11th Cir. 1993) ("district courts have broad powers under the rules to impose sanctions for a party's failure to abide by court orders . . ."). "Rule 16(f) sanctions were 'designed to punish lawyers and parties for conduct which unreasonably delays or otherwise interferes with the expeditious management of trial preparation.'" *U.S. v. Samaniego*, 345 F.3d 1280, 1284 (11th Cir. 2003) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) ("A district court is authorized . . . to dismiss an action for failure to prosecute or to obey a court order or federal rule"). District courts "have discretion to decide if there is a pattern of delay or a deliberate refusal to comply with court orders or directions that justifies a sanction." *Samaniego*, 345 F.3d at 1284; *see Brooks v. U.S.*, 837 F.2d. 958, 963 (11th Cir. 1988) (the record must reflect a pattern of delay and/or deliberate refusal of counsel to abide by court orders to warrant the imposition of sanctions).

---

[4] On May 27, 2009, Defendants filed a Motion for Attorney's Fees which the Court will address in a separate order. Doc. No. 39.

[5] Rule 16(f) incorporates portions of Rule 37(b)(2), which authorizes a preclusion order, striking a pleading, staying the proceeding, default judgment, contempt (only available for a violation of a court order), and charging a party, his attorney, or both with the expenses, including attorney's fees, caused by noncompliance. The references in Rule 16(f) are not exhaustive. *See* Advisory Notes.

## III. ANALYSIS

After a thorough review of the facts and exhibits set forth in the pleadings and after hearing argument from Ms. Piccolo, the Court finds as follows:

The original Motion to Strike Affirmative Defenses was filed in violation of the Court's Scheduling Order. However, after being confronted about the filing, Ms. Piccolo took appropriate corrective action and withdrew the motion. Therefore, no sanctions are warranted regarding that matter.

The second Motion to Strike Affirmative Defenses was also filed in violation of the Court's Scheduling Order. However, even after receiving email notification of same, for some unknown reason, Piccolo did not take any corrective action like she did in the first instance. Therefore, Defendants filed a substantive response to the second motion to strike. Doc. No. 23.[6]

The Settlement Report filed by Piccolo states: "The parties have had initial settlement discussions but have not yet settled the case." Doc. No. 26, ¶ 1. However, the emails from Defendants' counsel repeatedly state that Ms. Piccolo has failed to provide any settlement demand on behalf of her client. Doc. Nos. 29-6, 29-9, 29-10, 29-11. Ms. Piccolo never responded to defense counsel's statements that settlement negotiations had not occurred. At the hearing, defense counsel again confirmed that there had been no settlement discussions prior to the filing of the Settlement Report. Ms. Piccolo stated that Defendants knew what Plaintiff wanted from her answers to the Court ordered interrogatories. However, providing a response to the Court's interrogatories regarding damages does not discharge the parties' responsibility to engage in a good faith effort to settle their dispute. Based on the emails of counsel and the

---

[6] Defendants should have moved to strike the Motion to Strike Affirmative Defenses because that filing was a clear violation of the Court's Scheduling Order.

statements provided at the hearing, the Court finds that the statement in the Settlement Report that the parties had initial settlement discussions is false.

What the Court finds most disturbing is Ms. Piccolo's conduct in connection with the filing of the Case Management Report. Ms. Piccolo's emails make it clear that she deliberately filed the Case Management Report knowing it misrepresents whether the parties had conferred about and agreed upon a case schedule.[7] Thus, the Court finds that Ms. Piccolo filed false and/or misleading documents with this Court (Doc. Nos. 25, 26 and 34) in an effort to avoid compliance with the Court's Scheduling Order (Doc. No. 19). This finding is based on Ms. Piccolo's own contemporaneous emails which she admitted are true, her failure to withdraw the filing after receiving confirmation of the filing and her inability to offer any explanation for the direct conflict between her emails and the position she took in Response II. Finally, the undersigned respectfully recommends that the Court find sanctions are warranted for the violations above because they are deliberate violations of this Court's Scheduling Order and they reflect a pattern of delay.

The Defendants request the dismissal of Plaintiff's Complaint with prejudice and an award of attorneys' fees and costs. However, the undersigned respectfully recommends that the Court reject that request because such action would penalize the Plaintiff as opposed to her counsel, who appears to be solely responsible for the misconduct at issue.

---

[7] She apparently did so in a mistaken belief that the Case Management Report could always be amended. Doc. No. 29-9. The Case Management Report often forms the basis for the Court's case management and scheduling order, and that order typically sets forth the standard that governs request for modifications of the schedule. Her motive for the false filing appears to be her perception that the Court is strict about enforcing its scheduling orders. While the Court is inclined to enforce orders designed to promote the efficient administration of justice, the Court has always been receptive to motions for enlargement of time before deadlines pass based on the good cause standard and thereafter on a showing of excusable neglect. Fed. R. Civ. P. 6(b)(1)(A)-(B).

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that:

1) Ms. Piccolo be ordered to pay the amount of $700.00 to the Clerk of Court as a sanction for her misconduct;

2) Ms. Piccolo be admonished for her intentional conduct displayed in this case;

3) To the extent the Motion requests an award of attorney's fees and costs, the Court reserve jurisdiction to rule on the Defendants' Motion for Attorney's Fees (Doc. No. 39);

4) The Motion (Doc. No. 29) be **DENIED in part** to the extent it requests dismissal of Plaintiff's case; and

5) The parties be referred to mediation to allow for proper settlement negotiations.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 10, 2009.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies Furnished To:
The Honorable John Antoon II